IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV152

| | |
|---|---|
| **KLINGSPOR ABRASIVES, INC.,** )<br>　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>**JAMES D. WOOLSEY,** )<br>　　　　**Defendant.** )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ ) | <u>　　　ORDER　　　</u> |

**THIS MATTER** is before the court on Plaintiff's Motion to Remand and Memorandum of Law in Support, filed December 31, 2008 (Document #8-9), Defendant's Response in Opposition, filed January 15, 2009 (Document #14), and Plaintiff's Reply to Response (Document #15), filed January 29, 2009. This matter is now ripe for disposition.

## FACTUAL AND PROCEDURAL HISTORY

On November 21, 2008, Klingspor Abrasives, Inc. ("Klingspor") filed a complaint for declaratory judgment against James D. Woolsey ("Woolsey") in the Superior Court for Catawba County, North Carolina. This complaint was served on Woolsey on December 1, 2008, and Woolsey filed a Notice of Removal to this court on December 22, 2008.

Woolsey was an employee of Klingspor until being fired on August 27, 2008. He has remained unemployed since. According to Klingspor's complaint, Woolsey "contends that his termination was in violation of state law and [Klingspor] is liable 'under Texas law' (and perhaps under North Carolina law) for actual damages, compensatory damages, punitive damages, attorney's fees, and costs." (Compl. ¶6.) The complaint also states that Woolsey threatened to initiate litigation. <u>Id.</u> As a result, Klingspor's complaint

1

seeks a declaration of the parties' rights as related to the matters and things set forth herein. [Klingspor] seeks a declaration that it has not engaged in illegal discrimination against [Woolsey] and is not liable to him in any amount.

WHEREFORE, [Klingspor] prays that a declaratory judgment be entered to the effect that [Klingspor] has not unlawfully discriminated against [Woolsey] in any fashion and that plaintiff[1] (sic) has no valid claim as to any such discrimination . . ."

(Compl. ¶8.)

In his Notice of Removal, Woolsey argues that this case is removable on the basis of both federal question jurisdiction and federal diversity jurisdiction. Woolsey states that Klingspor's complaint arises under the laws of the United States because the face of Klingspor's complaint "invokes Title VII of the Civil Rights Act and the Age Discrimination in Employment Act." (¶5.) As for diversity jurisdiction, both Woolsey's Notice of Removal and Klingspor's Complaint agree that diversity of citizenship exists between the two parties. Woolsey is a citizen of Texas, and Klingspor is a North Carolina corporation with its registered office and principal place of business in Catawba County. (Compl. ¶1-2; Notice of Removal ¶6). In addition, Woolsey's Notice of Removal states that the amount in controversy exceeds $75,000 because Klingspor's complaint seeks a declaration foreclosing Woolsey from recovering actual damages, compensatory damages, punitive damages, and attorney's fees and costs, and at the time of his dismissal, Woolsey's annual salary was more than $200,000. In an affidavit subsequently filed with this court, Woolsey states that his yearly compensation in salary and bonuses was approximately $235,000 before his termination.

Klingspor's Motion to Remand challenges the existence of federal question jurisdiction and also argues that the complaint fails to show that the amount in controversy is greater than $75,000.

---

[1] The plaintiff would be Klingspor, which does not make sense here.

ANALYSIS

Under 28 U.S.C. § 1441, a defendant may remove any civil case from a state court to a federal court if the action could have originally been brought in federal court. Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir.1996). Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over cases where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. In the present case, there is no dispute that the parties have diverse citizenship. However, Klingspor claims that the complaint does not show that the amount in controversy exceeds $75,000.

Generally, "the burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). In this circuit, federal courts usually require a defendant seeking removal to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. Lawson v. Tyco Electronics Corp., 286 F. Supp. 2d, 639, 641 (M.D.N.C. 2003) (citations omitted); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997) (citations omitted). Although in cases originally pled in federal court the amount in controversy must be apparent from the face of the complaint, the circumstances and procedural posture of this case allow this court to examine the entire record when determining whether the jurisdictional amount is satisfied. Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F. Supp. 2d 489, 498 (M.D.N.C. 2003).

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir.1964)); see also Hunt v. Wash. Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)

(holding that in an action seeking declaratory relief, "the amount in controversy is measured by the object of the litigation"). In Dixon, the plaintiff sought a declaratory judgment from the district court that the employment contract between the defendant and the plaintiff was null and void. On appeal, the defendant challenged the district court's exercise of diversity jurisdiction on the ground that plaintiff's complaint did not satisfy the amount in controversy requirement of 28 U.S.C. § 1332. 327 F.2d at 710-11. The Fourth Circuit disagreed. Because the defendant was owed a salary greater than $75,000 under the terms of the contract, the court in that case found that granting the injunction would cause the defendant losses in excess of the jurisdictionally required amount. Id. at 711. Thus, the amount in controversy requirement was satisfied.

The present case is legally and factually analogous to the situation in Dixon. Like the plaintiff in Dixon, Klingspor is seeking an injunction that would prevent Woolsey's recovery of a salary greater than the jurisdictional amount. Consequently, the pecuniary result of the court's decision in this case will exceed the jurisdictional amount, and diversity jurisdiction is appropriate.[2]

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Klingspor's Motion to Remand is **DENIED**, and the stay of proceedings in this case is lifted.

Signed: February 13, 2009

Richard L. Voorhees
United States District Judge

---

[2] Because of this holding, the court need not decide whether federal question jurisdiction also exists.