UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV-152

| | | |
|---|---|---|
| **KLINGSPOR ABRASIVES, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **JAMES D. WOOLSEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the court on Defendant's Motion to Dismiss and Brief in Support, both filed December 30, 2008. On February 27, 2009, Plaintiff filed its Brief in Opposition to Defendant's Motion to Dismiss, to which Defendant filed a Reply on March 12, 2009. Defendant's Motion is now ripe for disposition.

## I. FACTUAL AND PROCEDURAL HISTORY

     This is a claim for declaratory judgment brought by Plaintiff Klingspor Abrasives, Inc. ("Klingspor") against Defendant James D. Woolsey ("Woolsey"). Klingspor is a North Carolina corporation with its registered and principal office in Catawba County. Woolsey is a citizen and resident of Texas, and he was employed by Klingspor beginning on October 14, 1985. From July 21, 2003 until his termination on August 27, 2008, Woolsey was employed as the National Sales Manager.

     The parties dispute the reasons for Woolsey's termination. Klingspor contends that Woolsey was fired for insubordination, poor management of employees, and taking actions that gave rise to EEO claims against Klingspor. Woolsey, however, denies this and claims he was terminated

because of his age and his opposition to discrimination against older workers and females.

On November 4, 2008, Woolsey's counsel sent a letter to Klingspor, stating that he had been retained by Woolsey "to pursue his rights in connection with his legal claims against Klingspor," and alleging Woolsey was terminated as a result of discrimination. The letter also stated that "Mr. Woolsey would like to resolve his disputes with Klingspor on the basis of a good faith compromise, without litigation if possible," and suggested a "serious exploration of settlement" before beginning litigation.

On or about November 21, 2008, Klingspor filed a Complaint for Declaratory Judgment in the Superior Court of Catawba County, North Carolina, asking the court to declare that Klingspor had not unlawfully discriminated against Woolsey in any fashion and that Woolsey has no valid claim as to any such discrimination. On December 3, 2008, Woolsey filed a charge of discrimination against Klingspor with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"). On December 22, 2008, Woolsey filed a notice of removal to this court. On December 30, 2008, Woolsey filed a Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment.

## II. DISCUSSION OF CLAIM

Woolsey argues that he is entitled to the dismissal of Klingspor's Complaint for Declaratory Judgment. Woolsey asserts that Klingspor's claim lacks subject matter jurisdiction and fails to state a claim upon which relief can be granted.

### A. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a 12(b)(6) motion,

the court must assume the facts alleged in the complaint to be true and construe the facts in the light most favorable to the plaintiff. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the court does not "need to accept the legal conclusions drawn from the facts." *Id.* In order to survive a Rule 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right of relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When a court considers a Rule 12(b)(1) motion to dismiss where it is contended that the complaint simply fails to allege facts upon which subject matter jurisdiction can be based, all facts alleged in the complaint should be assumed to be true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The plaintiff is then given, in effect, "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.*

## B. No Significant Controversy Exists, as Required for Declaratory Judgment

North Carolina's Declaratory Judgment Act states, "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. §1-254 (2009). The purpose of the Act is "to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations." *Walker v. Phelps*, 202 N.C. 344, 349 (1932). While the Act should "be liberally construed, its provisions are not without limitation." *North Carolina Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 446 (1974). A court

"may refuse to render or enter a declaratory judgment or decree where such a judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." N.C. Gen. Stat. §1-257 (2009).

In order for a court to have jurisdiction over claims for declaratory judgment, the complaint must demonstrate "the existence of an actual controversy." *Wendell v. Long*, 107 N.C. App. 80, 82 (Ct. App. 1992). In fact, an actual controversy has been described as a "jurisdictional prerequisite" for proceeding under the Declaratory Judgment Act. *Lide v. Mears*, 231 N.C. 111, 118 (1949). A party must show that the controversy arises "out of [the parties'] opposing contentions as to their respective legal rights and liabilities. . . under a statute, municipal ordinance, contract or franchise . . . and that the relief prayed for will make certain that which is uncertain and secure that which is insecure." *Light Co. v. Iseley*, 203 N.C. 811, 820 (1933). The North Carolina Supreme Court requires that "an actual controversy exist both at the time of the filing of the pleading and at the time of hearing." *Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 585 (1986).

To satisfy the jurisdictional requirement of an actual controversy, "it is not necessary that one party have an actual right of action against another." *Nat'l Travel Servs. v. State ex rel. Cooper*, 153 N.C. App. 289, 292 (Ct. App. 2002). However, "more than anticipation of future action" is required. *Id.* A party must show in the complaint "that litigation appears unavoidable." *Wendell*, 107 N.C. App. at 82-83 A mere threat to sue or apprehension of a suit is not sufficient to establish an actual controversy. *Nat'l Travel Servs.*, 153 N.C. App. at 292. When the facts alleged do not contain an actual controversy, a motion to dismiss under Rule 12(b)(6) will be granted. *Gaston Bd. of Realtors, Inc. v. Harrison*, 311 N.C. 230, 234-35(1984).

Letters threatening suit are generally not found to establish an actual controversy. In *Nat'l Travel Services*, the North Carolina Court of Appeals held that a letter from the Attorney General's office stating it would "take whatever action necessary" did not establish an actual controversy sufficient to establish jurisdiction under the Declaratory Judgment Act. 153 N.C. App. at 292. Similarly, in *Gaston*, a defendant wrote a letter to plaintiff stating that he would "take such actions as are necessary to protect myself . . . from harm by the actions of individuals involved in the matter." 311 N.C. at 235. The North Carolina Supreme Court held this letter did not establish an actual controversy and that litigation was not unavoidable. Although the defendant did not specifically threaten to file a lawsuit, the court found that even if he had, a threat would not have been sufficient to establish an actual controversy.

Declaratory judgment can "serve a useful purpose where the plaintiff seeks to clarify its legal rights in order to prevent the accrual of damages, or seeks to litigate a controversy where the real plaintiff in the controversy has either failed to file suit, or has delayed in filing." *Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.*, 141 N.C. App. 569, 578 (2000). However, the Declaratory Judgment Act "does not license litigants to fish in judicial ponds for legal advice." *Lide*, 231 N.C. at 117. The Act does not exist to "convert judicial tribunals into counselors and impose upon them the duty of giving advisory opinions to any parties who may come into court and ask for either academic enlightenment or practical guidance concerning their legal affairs." *Sharpe*, 317 N.C. at 583-84. The court is not required to "give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise." *Duke Power*, 222 N.C. at 204. "Thus, the principle which protects the jurisdiction of the Court from the suggested invasions and

keeps its decisions within the traditional judicial functions is the presence of a genuine controversy as a jurisdictional necessity." *Id.*

Additionally, declaratory judgment "should not be invoked 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy.'" *Coca-Cola*, 141 N.C. App. at 578 (*quoting Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937). "This is especially so where a separate suit has been filed, or is likely to be filed, that will more fully encompass the scope of the entire controversy." *Coca-Cola*, 141 N.C. App. at 578.

Klingspor's complaint contains no actual controversy for the purposes of the Declaratory Judgment Act. While "the actual controversy rule may be difficult to apply in some cases and the definition of 'controversy' must depend on the facts of each case," *Gaston*, 311 N.C. at 234, declaratory judgment is not appropriate for the facts here. Woolsey's letter to Klingspor only stated that Woolsey retained counsel "to pursue his rights in connection with his legal claims against Klingspor." Nothing in the letter indicated that litigation was unavoidable; in fact, the letter stated that Woolsey wanted to resolve the issue without litigation, if possible. Similar to *Gaston* and *Nat'l Travel Services*, the letter can be seen, at best, as nothing more than a threat of suit. The North Carolina Supreme Court has held mere threats of suit are not sufficient to establish an actual controversy. Thus, the letter does not show a controversy sufficient to provide the court with subject matter jurisdiction.

The Declaratory Judgment Act can be useful for clarifying legal rights to prevent further accrual of damages or to address a stalemate where the natural plaintiff has delayed filing. Here, Klingspor has already acted by terminating Woolsey and wants a declaration as to the lawfulness of its decision. Since Woolsey has already been terminated, Klingspor is not accruing further damages

by waiting for Woolsey to file suit. Klingspor is simply trying to determine if its decision to terminate was lawful. Declaratory judgment would not serve to protect any rights of Klingspor or help Klingspor avoid liability. Klingspor will not accrue further damages by waiting for Woolsey to take action, and Woolsey has not delayed in attempting to settle the controversy.

### C. Plaintiff Cannot Choose Time and Place if Defendant is Already Planning on Initiating Claim

Requests for declaratory judgment cannot be used to allow a traditional defendant to choose the time and place of litigation. *Coca-Cola*, 141 N.C. App. at 579 ("It is inappropriate for a potential tortfeasor to bring a declaratory suit against an injured party for the sole purpose of compelling the injured party 'to litigate [its] claims at a time and in a forum chosen by the alleged tortfeasor.'" (*quoting Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969))). Declaratory suits should not be used as "device[s] for 'procedural fencing.'" *Id.* (*quoting Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)). Such declaratory suits cannot be condoned, as "such 'procedural fencing' deprives the natural plaintiff of the right to choose the time and forum for suit." *Id.*

Klingspor cannot successfully argue that the declaratory suit is useful on the grounds that the natural plaintiff in the controversy had failed to initiate litigation or delayed in initiating litigation. By filing this request for declaratory judgment, Klingspor has essentially filed a discrimination suit against itself, before Woolsey filed a claim. A declaratory suit such as this cannot be used to deprive Woolsey, the natural plaintiff in this controversy, the right to choose the time and forum to settle the matter. Such suits will not be condoned.

### D. Exhaustion of Administrative Remedies

This Court need not address the exhaustion of administrative remedies, as no actual controversy was found. However, the Court notes that before bringing suit, a plaintiff must exhaust administrative remedies for the court to have subject matter jurisdiction over the issue. *Wake Cares, Inc. v. Wake County Bd. of Educ.*, 190 N.C. App. 1, 12 (Ct. App. 2008). Administrative remedies are available under Texas and North Carolina law for resolution of employment discrimination claims, and Klingspor would be expected to exhaust such prerequisite remedies as may exist before requesting declaratory judgment.

**E. Attorney's Fees**

In his motion, Woolsey asks this court to award attorney's fees and costs pursuant to Rule 11 of the North Carolina Rules of Civil Procedure as a sanction against Klingspor for filing a frivolous suit. However, since this case is in federal court, it is governed by the Federal Rules of Civil Procedure. FED. R. CIV. P. 1. Under FED. R. CIV. P. 11(c)(2), a motion for sanctions must be filed separately from all other motions. Furthermore, such a motion must first be presented to the opposing party. Then, if the opposing party has not taken ameliorative action within twenty-one days of being served, the motion may be presented to the court for adjudication. Id. In the present case, Woolsey's motion for sanctions was not filed separately from his motion to dismiss, and there is no evidence that this motion was presented to Klingspor before being filed. For these reasons, Woolsey's motion for Rule 11 sanctions will be denied.[*]

---

[*]To the extent Woolsey seeks attorney's fees on a discrete claim of unlawful retaliation, this issue is not properly before the court. See (Def.'s Reply Br. at 5-6.) Woolsey has not filed any counterclaims in this court against Klingspor, and Woolsey did not raise this argument until his reply.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED**, for the foregoing reasons, that Defendant's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's request for attorney's fees and costs is **DENIED**.

Signed: July 31, 2009

Richard L. Voorhees
United States District Judge